UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EMPLOYEE PAINTERS' TRUST HEALTH ) <br> & WELFARE FUND, et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> RICHARD KREIS and JANE DOE KREIS, ) <br> husband and wife and the marital community ) <br> comprised thereof, d/b/a RED EARTH ) <br> CONSTRUCTION, ) <br> ) <br> Defendants. ) <br> _____ ) | CASE NO. C08-0495-MAT <br><br><br><br><br><br> ORDER GRANTING MOTION FOR <br> SUMMARY JUDGMENT |

Plaintiff's Employee Painters' Trust Health and Welfare Fund and the International Union of Painters and Allied Trades Industry Pension Fund (hereinafter "Trust Funds") move the Court for summary judgment against defendants Richard Kreis and Jane Doe Kreis D/B/A Red Earth Construction. (Dkt. 30.)  This matter was brought pursuant to the Employee Retirement Income Security Act, 29 U.S.C. § 1001, et seq. ("ERISA").  The Trust Funds are third-party beneficiaries to a collective bargaining agreement with defendants, which requiress defendants to pay monthly contributions for elegible employees. (*See* Dkt. 31, Ex. A.)  The

collective bargaining agreement also allows for the imposition of liquidated damages, interest, attorneys' fees, and costs. (*Id.* at 13.)

Plaintiffs seek delinquent contributions, as well as associated damages, attorneys' fees, costs, and other fees for the period of January 2005 through June 2006. Plaintiffs attach an independent accountants' report covering the period in question, which includes a spreadsheet showing the amounts of contributions owed and their due dates, and calculations of liquidated damages, interest, and accounting fees. (*Id.*, Ex. B.) Plaintiffs also provide an accounting of attorneys' fees and costs. (*Id.*, Exs. C & D.)

In their answer to plaintiffs' complaint, defendants admit they were parties to the collective bargaining agreement, state that the agreement terminated effective May 31, 2007, and otherwise deny plaintiffs' allegations. (Dkt. 4.) Defendants did not oppose plaintiffs' motion for summary judgment. The Court deems defendants' failure to oppose to be an admission that plaintiffs' motion has merit. *See* Local Civil Rule 7(b)(2). The Court also, for the reasons described below, finds plaintiffs entitled to summary judgment.

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof. *See* Celotex, 477 U.S. at 322-23.

ERISA obligates participating employers to make contributions to a multi-employer

trust fund in accordance with the contract and trust agreement.  *See* ERISA Section 515, 29 U.S.C. § 1145.  ERISA also provides specfic mandatory remedies for delinquent contributions, including, in addition to the unpaid contributions, liquidated damages, interest, attorneys' fees, and costs.  *See* 29 U.S.C. § 1132(g)(2).  As noted, the collective bargaining agreement at issue also contained terms as to damages owed as a result of delinquent contributions.

In this case, using an independent accountants' report, plaintiff's calculate total contributions owed in the amount of $44,986.04 for the period of January 2005 through June 2006. (*See* Dkt. 31, ¶ 5 and Ex. B.)  Plaintiffs further calculate that defendants are obligated to pay liquidated damages in the amount of $4,247.05, pre-judgment interest, through May 13, 2009, in the amount of $13,500.68, $3,410.96 in attorneys' fees, an auditing fee of $1,202.50, and $381.46 in costs. (*Id.* ¶¶ 6-9 and Exs. B-D.)

The Court finds no issues of fact regarding either the enforceability of the collective bargaining agreement at issue in this case or plaintiffs' entitlement to the total amount of delinquent contributions, liquidated damages, interest, attorneys' fees, auditing fees, and costs sought.  Accordingly, the Court finds summary judgment appropriate.

For the reasons described above, plaintiff's motion for summary judgment (Dkt. 30) is hereby GRANTED and plaintiffs are awarded a total of $44,986.04 in delinquent contributions for the period of January 2005 through June 2006.  Plaintiff's are also entitled to liquidated damages, interest, attorneys' fees, auditing fees, and costs, as outlined above.  However, because plaintiffs calculated the amounts described above as of May 13, 2009, a revised accounting may now be in order.  Accordingly, plaintiffs shall submit such information within

01 | **ten (10) days** of this Order.

02 | DATED this <u>1st</u> day of October, 2009.

  Mary Alice Theiler
  United States Magistrate Judge

ORDER GRANTING MOTION
FOR SUMMARY JUDGMENT
PAGE -4